# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

FRANCIS LEE GIBSON, JR.,

      **Debtor.**

**Bankruptcy Case No. 05-43076**

_____

ALLIED CAPITAL, INC., a New Mexico corporation,

      **Plaintiff,**

**vs.**

FRANCIS LEE GIBSON, JR.,

      **Defendant.**

**Adv. Proceeding No. 05-8126**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    D. Blair Clark, RINGERT CLARK CHARTERED, Boise, Idaho, Attorney for Debtor.

    Randall Peterman, MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, Boise, Idaho, Attorney for Allied Capital, Inc.

    Gary D. Rainsdon, Twin Falls, Idaho, Chapter 7 Trustee.

MEMORANDUM OF DECISION - 1

## Background

Creditor/ Plaintiff Applied Capital, Inc. filed a joint motion in Debtor/Defendant Francis Gibson's bankruptcy case requesting stay relief and asking the Court to abstain from hearing an adversary proceeding it has filed so it may proceed with certain litigation pending in the United States District Court for the District of New Mexico. Debtor objected to the motion. A hearing was conducted on February 6, 2006, in the bankruptcy case concerning both motions. Docket No. 23.[1] After considering the arguments made at the hearing and reviewing the parties' briefs, the Court concludes that Creditor/Plaintiff's motion for relief from stay and its motion for permissive abstention should be granted. The reasons for the Court's decision follow, and this Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 9014; 7052.

## Facts

Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on October 13, 2005. His schedules disclose that, after excluding exempt

---

[1] While the Court notes that Creditor filed, in effect, a combined motion seeking two types of relief, and that no rule prohibits consolidation of the two requests for hearing and disposition, a procedural irregularity likely exists because the joint motion was docketed in only the bankruptcy case. The motion for relief from stay is properly filed and considered in the bankruptcy case, while the motion for permissive abstention relates to, and should be a part of the record of, the adversary proceeding. For clarity in the record, the Court will direct the clerk to also include the joint motions and this memorandum of decision in both the bankruptcy and adversary proceeding dockets.

MEMORANDUM OF DECISION - 2

property, no funds will likely be available for distribution to unsecured creditors. Docket No. 1.

Nine months prior, on January 28, 2005, Creditor commenced an action in New Mexico federal district court alleging that Debtor, along with five other individuals and four related entities, had engaged in an elaborate scheme to defraud Creditor into advancing money to be funneled through the various entities to facilitate the purchase of an oil rig. Mot., Ex. B, Docket No. 9. Apparently, the money disappeared, and there was never an oil rig.

The other individual defendants involved in this alleged scheme reside in California, Wyoming, and New Mexico, while Debtor lives in Idaho. The two entities being sued by Creditor, Heritage Commercial and Grizzly Drilling, are California and Wyoming corporations, respectively. Creditor is a New Mexico corporation. The New Mexico action seeks return of Creditor's money, together with substantial damages, and is predicated upon various state law theories of recovery including fraud, unjust enrichment, violation of the New Mexico Unfair Trade Practices Act, civil conspiracy, and breach of contract. These theories of recovery are stated in the alternative, and Creditor seeks entry of a judgment jointly and severally enforceable against all of the defendants, including Debtor. *See* Mot., Ex. B, Docket No. 9. At the hearing, Creditor

MEMORANDUM OF DECISION - 3

represented that the New Mexico litigation was not procedurally advanced and that the parties had not undertaken substantial discovery. Debtor is currently unrepresented in the New Mexico action.

Creditor filed an adversary proceeding against Debtor on November 22, 2005, alleging the same nucleus of facts as a basis for seeking an order determining that Debtor's obligations to Creditor as a result of the investment scheme are excepted from discharge under § 523(a)(2)(A) (actual fraud), § 523(a)(2)(B) (false financial statement), or § 523(a)(4) (defalcation, embezzlement, or larceny). Creditor, relying largely upon the same facts, also alleges that Debtor should be denied a discharge under § 727(a)(2) (concealing property), § 727(a)(3) (failure to preserve records), § 727(a)(4) (false oath or claim), and § 727(a)(5) (loss of assets). Mot., Ex. A, Docket No. 9; Docket No. 8. The adversary complaint does not make claims against the other actors in the alleged conspiracy, and limits its claims to those cognizable under the Bankruptcy Code.

Creditor wants to continue the litigation in New Mexico, contending that the existence of the other non-debtor parties, and their potential role in the alleged scheme, play an important part in determining the ultimate question of Debtor's liability and apportionment of the obligation to pay damages among the

MEMORANDUM OF DECISION - 4

various defendants. And Creditor acknowledges that, with respect to the fraud issue, if it prevails in New Mexico and is awarded damages from Debtor, it will rely upon the doctrine of issue preclusion in the adversary proceeding as a basis for obtaining relief on its § 523(a)(2)(A) claim.

Debtor, on the other hand, wants no part of the New Mexico action, and insists he should be able to litigate any fraud issues in the adversary proceeding before this Court. He contends that it would be more convenient (at least to him) and expeditious to contest the state law issues involving Debtor in this forum, thereby resolving the dischargeability claims at same time. He does not want to be forced to defend against Creditor's claims in New Mexico, where he is at a disadvantage both because he lives in Idaho and because he is without, and presumably cannot afford, legal representation, only then to return to this Court to litigate dischargeability as well.

## Disposition

**A.  Permissive Abstention in the Adversary Proceeding is Warranted.**

28 U.S.C. § 1334(c)(1), which governs permissive abstention, allows the bankruptcy court "in the interest of justice or in the interest of comity with State courts or respect for State law" to abstain from hearing a particular proceeding arising under, arising in, or related to a case under title 11. In deciding

MEMORANDUM OF DECISION - 5

whether to abstain, the Ninth Circuit has instructed that several factors, while not a comprehensive list, should be considered by the Court. These include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceedings of nondebtor parties.

*Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D.Tex. 1987)). *See also Agincourt, L.L.C. v. Stewart* (*In re Lake Country Invs., L.L.C.*) 00.3 I.B.C.R. 138, 142 (Bankr. D. Idaho 2000) (citing *Bowen Corp., Inc. v. Sec. Pac. Bank Idaho, FSB* (*In re Bowen Corp., Inc.*), 150 B.R. 777, 784 (Bankr. D. Idaho 1993) and applying the *Tucson* factors). The

MEMORANDUM OF DECISION - 6

Court has considered the *Tucson Estates* factors and the interests of justice in this case, concluding that the scales tip decidedly in favor of abstention under these circumstances.

Considerations of judicial economy weigh in favor of abstention. Although Creditor included only Debtor and claims cognizable under the Bankruptcy Code in its adversary complaint, Creditor relies upon the same general collection of operative facts as alleged in New Mexico as the basis for its nondischargeability claims. And although not named in the adversary proceeding, several other non-debtor parties are alleged to be part of the fraud conspiracy. Creditor also asserts alternative theories of recovery in the New Mexico action other than fraud. All of these facts favor abstention.

Creditor asserts a variety of claims against a variety of parties in the New Mexico litigation. It would be far better to adjudicate all of the state law claims asserted against all culpable defendants, rather than attempt to carve out the single issue of fraud against one defendant to litigate in this Court. Such an approach would risk inconsistent outcomes and represents an inefficient use of judicial and the parties' resources. To the extent Debtor's defense in the adversary proceeding involves placing the blame on others, those parties will be present to defend themselves in the New Mexico action. While the Court cannot speculate

MEMORANDUM OF DECISION - 7

whether its rulings would be binding upon them, the other alleged co-conspirators should not be forced to choose whether to defend themselves in a foreign bankruptcy court simply to preserve their defenses in the New Mexico action.

The extent of the other parties' liability for the alleged debt owed to Creditor weighs heavily in favor of abstention, too.  Only the New Mexico court can adequately adjudicate and apportion damages among those found responsible. The liability of the other alleged actors is something this Court cannot decide.  In this sense, Debtor may fare better litigating in New Mexico, as others may be found more culpable than him.  Creditor can then proceed to obtain a judgment and, to the extent the fraud claims are proven against Debtor, pursue enforcement of the judgment in the context of the adversary proceeding in this Court. Moreover, if the New Mexico court were to conclude that Debtor is not liable to Creditor for damages, Debtor could assert the preclusive effect of that judgment against Creditor, and further action in the adversary proceeding may be unnecessary concerning Creditor's § 523 claims.

Additional factors favor abstention.  Although entry of discharge may be delayed by Creditor's § 727 claims, the pendency of the New Mexico litigation will not otherwise impair the administration of the bankruptcy case.

MEMORANDUM OF DECISION - 8

Regarding the alleged financial conspiracy underlying the fraud claim, New Mexico state law issues will predominate.  A New Mexico district court is better suited to discern and apply the laws of that state.

Finally, while the New Mexico action will take time to conclude, it cannot be presumed that, given the complexities involved in this action, the adversary proceeding could be completed significantly faster.  This Court's docket is currently crowded with the thousands of "pre-Reform cases" filed prior to the October 17, 2005 effective date of the bankruptcy law amendments.   "Prudence dictates that, where appropriate, this court give primary attention to those matters where no alternative forum is available."  *In re Wiersma*, 03.3 I.B.C.R. 156, 161 n.11 (Bankr. D. Idaho 2003).

In sum, after consideration of all the relevant factors, permissive abstention in the adversary proceeding is appropriate.

**B.     Relief From the Automatic Stay.**

The automatic stay imposed by § 362(a) applies to Creditor's New Mexico action, as it is a judicial proceeding to recover a prepetition claim from the debtor.  11 U.S.C. § 362(a)(1).  However, relief from the automatic stay may be granted "for cause."  11 U.S.C. § 362(d)(1).  Although cause is not defined in the Code, under circumstances such as these, "Congress has stated: '[I]t will often be

MEMORANDUM OF DECISION - 9

more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.'" *In re Estep*, 98.3 I.B.C.R. 73, 73 (Bankr. D. Idaho 1998) (quoting *Santa Clara County Fair Assoc., Inc. v. Sanders* (*In re Santa Clara County Fair Assoc., Inc.*), 180 B.R. 564, 566 (BAP 9th Cir. 1995), in turn quoting S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836).

In this case, cause for relief from the automatic stay exists. For the same reasons discussed in relation to abstention, Creditor should be granted relief from the stay to pursue the New Mexico action. As in *Estep*, such considerations amount to "cause" justifying relief from the automatic stay.

**Conclusion**

For the reasons discussed above, and in the exercise of its discretion, the Court will abstain from consideration of the adversary proceeding and grant stay relief so that Creditor may proceed to judgment in the New Mexico litigation. However, Creditor may take no action to enforce any judgment obtained in New Mexico against Defendant without further order from this Court.

MEMORANDUM OF DECISION - 10

Separate orders consistent with this opinion will be entered in both the bankruptcy case and adversary proceeding.

Dated: March 14, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11